The Chancellor.
The complainant exhibited her bill against Hiram Farnham, to compel him to execute a trust in her favor respecting certain lands in the county of Essex, in this state. Joel Smith holds a mortgage on the property of f3000, executed to him by Farnham. The complainant alleges, that Smith took the mortgage with *92 full knowledge of the facts; that it is fraudulent, as against her, and should he declared void as a lien upon the land. Joel Smith filed his cross-hill to foreclose the rights of the defendants in the mortgaged premises, and to have them sold to pay his mortgage. Both suits have been brought to a final hearing upon the pleadings and proofs. If the original bill is not sustained, Smith is entitled to a decree upon the cross-bill.
The original bill alleges, that previous to, and at the time of the complainant’s marriage with her husband, Philo Andrews, who is deceased, she was seized and possessed, in her own right, of certain real estate in the county of Burlington, and that at the time of their marriage it was agreed between her and her husband, that in case of any sale of the said real estate, the proceeds thereof should be invested in other real estate for her sole benefit, and so with any future investment of such proceeds; that some time after her marriage she sold the Burlington estate, and invested the proceeds in real estate in the city of New York; that subsequently she exchanged the estate in New York for the farm in question in Essex county, and afterwards, by the advice of her husband, and for the purpose of keeping the same free of all claim or charge of her husband, the farm was conveyed to one James Madison Wells, who took the deed in his own ijame, but to hold in trust for the complainant; that then Philo Andrews saw fit, from circumstances arising from the situation of Wells, to take from him a deed for the farm in his own name, and finally, on' the 10th of April, 1837, the complainant and her husband conveyed to the defendant, Hiram Earnham; that although the said deed is absolute on its face, yet the said Earnham was told, and he understood, that the farm was to be held by him in trust for the complainant, until such time as she should choose to dispose of the same.
Earnham expressly denies the tryst, and puts in issue every allegation of tire bill from which such a trust could *93 be implied. The complainant has entirely failed to prove that she ever owned any estate in her own right, or that the property in question was purchased with her money, or with funds the proceeds of any property which belonged to her. The only fact in the case, from which a trust of any kind could be implied, is, that the conveyance to Farnham was a voluntary conveyance, for which no moneyed consideration passed from him. But a trust resulting from that circumstance would be in favor of the grantors. The property was conveyed to Farnham by the complainant and her husband Philander Andrews; and she can no more claim the benefit of a resulting trust in her favor from that conveyance than could an entire stranger to it.
But the complainant produced in evidence a paper writing, purporting to be signed by Hiram R. Farnham, bearing date about the time of the execution of the deed, which on its face is a declaration of trust. It is as follows: “ This may certify, that I have taken into my possession the farm on which I now live, to hold in confidential secret trust for Amelia Andrews; and, as consideration for rent, I am to keep the said farm in good condition and repair, and Philo Andrews; Amelia Andrews, and Caroline are to have with myself upon the farm, at any and all times that may suit their convenience, a home, and Caroline is to be treated as one of my family. The above farm was formerly owned by Abraham Reynolds, and exchanged for property in the city of New York, formerly held in trust by McNeil Seymour for Amelia Andrews. The above farm is to be convoyed at any time, subject to the order of Amelia Andrews or that of her husband and agent Philo Andrews.”
This writing is not alluded to in any way in the bill, nor is any reference made to it in the answer of Amelia Andrews to the cross-bill of Joel Smith, although she was called upon by that bill to disclose the nature of the trust. Why this paper was kept out of view in the pleadings, is not explained by anything appearing in the ease. *94 In the argument, counsel attempted to excuse this very singular omission by stating that the paper had been lost, and was discovered only after the pleadings were completed. But the loss of such a paper, instead of furnishing any reason or excuse for concealing it, made it the more necessary and important to call upon Farnham for a discovery of its contents. The concealment of the paper by the complainant, its production only when the complainant’s case had become utterly hopeless without a reliance upon some better evidence of a trust than she had until then been able to produce, the obligations upon the face of the paper, and the fact that its genuineness has been very seriously questioned, all these circumstances produce a very unfavorable impression against the complainant’s case.
If this paper is genuine, does it help the complainant? By her bill, she claims the execution of a resulting trust. She has failed to prove the facts from which she alleges the trust results. This paper is admissible. as evidence for no other purpose than to prove the trust set out in the bill. If it proves the facts from which that trust results, it may be competent for such purpose. The counsel of the complainant admitted that the paper did not establish the trust alleged in the bill, but contended that it did prove the fact that Farnham held the property in trust for Amelia Andrews, and, therefore, the court ought to establish such trust. A complainant cannot make one case by his bill, and, having failed to prove it, abandon it, and recover upon a different one established by the evidence. The rule is not a technical one. Without it the pleadings are useless. The propriety of it is manifest in this ease. If this declaration of trust had been made the foundation of the suit, the issue between the parties would have been entirely different from that made by their pleadings. This paper is a naked declaration of trust. If the complainant relied upon' it, the defendant should have had the opportunity of making an issue upon that paper. This has been denied him. The trust upon which the complainant relied in her bill was *95 one which, if established, the court would have executed. Having failed to establish that trust, she cannot resort to another. I think it unnecessary to examine the question, whether the signature of Hiram Farnham to the paper in question is genuine ? It is worthy of remark, in connection with this question, that the complainant had two opportunities, in her bill and in her answer to the cross-bill, to affirm under oath her belief in the genuineness of that paper. Her omission to do so, to say the the least of it, looks suspicious. I am of opinion that, even with the aid of that paper, the complainant has failed to prove her ease. There is still another aspect of the case unfavorable to the complainant’s claim. The paper produced states that the trust is a secret confidential trust, and the evidence shows that it was for years kept a family secret, if it ever existed. Farnham lived upon the farm, worked it, improved it;- and used it as his own. He was the reputed absolute owner of it among his neighbors, and Philo Andrews or his wife never interfered with his claim as owner. The bill alleges that the property was conveyed for the purpose of keeping the same free from all claim or charge of her husband, and it shows that the property stood in the name of several different individuals in the course of a few years. Why the trust was to be secret, and why it was concealed, is not attempted to be explained. It is shown that, in less than three months after the deed to Farnham, a judgment was recorded in the Essex Pleas against Philo Andrews for upwards of four hundred dollars, and remains still unsatisfied. It is very clear, from the whole evidence, that unless the farm was conveyed to Farnham bona fide, as he states in his answer, the conveyance was a fraudulent one, and was made for the purpose of defrauding the creditors of Philo Andrews. The original bill is dismissed with costs. The complainant in the cross-bill is entitled to a reference to a master, to take an account of what is due on his mortgage, to a decree of foreclosure and sale of the mortgaged premises.